## Bell Telephone Company of Missouri, Appellant, v. F. A. Geary, Appellee.

EVIDENCE—*when books of account incompetent.* The ledger of a telephone company purporting to show toll charges is incompetent where it is not a book of original entries and is not made up from original charge memoranda slips.

Action commenced before justice of the peace. Appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the February term, 1908. Affirmed. Opinion filed September 12, 1908.

WISE & McNULTY, for appellant.

W. M. VANDEVENTER, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit instituted by appellant against appellee before a justice of the peace of St. Clair county and afterwards appealed to the Circuit Court, where there was a verdict of a jury in favor of appellee, and a judgment against appellant for costs, from which the latter appealed to this court.

Neither the copy of the summons nor the transcript of the justice, as they appear in the record, gave any indication of the nature of the suit other than it was for a certain demand not exceeding $200.

In the Circuit Court appellant appears to have been ruled to file a bill of particulars and there was an order entered showing the rule had been in a measure complied with and reciting that the rule against appellant was therefore discharged. If, however, such a bill of particulars was filed it has not been preserved in the record. We learn, however, from the statements of counsel and the evidence in the case that this was a suit brought by appellant to recover a telephone bill, claimed to be due and owing to it from appellee.

It appears from the record that appellee, a saloon

keeper of East St. Louis, on February 2, 1906, made a contract with appellant to put a telephone in his saloon for the use of which he was to pay $3.50 at the end of each month. The contract was to run one year after which it could be terminated by either party, upon ten days' written notice. Appellee also contracted for an extension telephone in his private office for which he was to pay at the rate of one dollar a month, making a total of $4.50 per month for the rental of the two 'phones, the contract for the extension telephone providing that the use of it should be paid for monthly in advance. The rate on the extension telephone appears to have been afterwards reduced to fifty cents a month. Under the contract, appellee had the right to use the telephone free of additional charge for messages in the city of East St. Louis, but if he desired to send a message outside of that city he was required to pay an additional amount called toll and such outside or toll messages were charged to him. There seems to have been some dissatisfaction on the part of appellee because customers or others used the 'phone for toll messages, the fees for which were charged to him. He thereupon, on January 14, 1907, wrote appellant a letter, notifying it to give no futher toll connections over his 'phone to St. Louis and no long distance calls unless "O. K.'d" by him. Appellee was subsequently notified both by letter and a representative of the company that appellant could not comply with his request and at a later date the telephones were removed by appellant without the written notice provided for by the contract.

It appears to be admitted that appellee paid $8 for the service of the telephones during the months of January and February, 1907. On April 11, 1907, appellant sent appellee a bill containing items for telephone service from January 1 to March 20, 1907, amounting to $10.53 and the use of toll lines $7.05, making a total of $17.58. Credit was given by cash paid March 20, 1907, to the amount of $8 leaving a

balance of $9.58. This bill appellee returned to appel-
lant, with a statement in writing indorsed on it indi-
cating to the company that he would not pay the bill.
To prove the account, appellant's book-keeper was
placed upon the stand and he was interrogated con-
cerning the statement of appellee's account, as shown
by entries on appellant's ledger. It appeared, how-
ever, that in appellant's toll department the original
charges were made upon tickets which were after-
wards sent to the auditor's department where a bill
was made out and that the entries in the ledger were
made from that bill. He testified he did not know
whether appellee ever had the long distance service or
not; that he could not swear to the service or what
appellee paid except from the record; that he went by
the books and the entries on the books, not from his
personal knowledge.

Objection was made by appellee to the admission of
the ledger in evidence, which under the circumstances
was properly sustained by the court. No other evi-
dence was sought to be introduced concerning the ques-
tion of tolls due from appellee, if any were due, and
the only question which could have remained was,
whether appellee should pay for the use of the tele-
phones from the first to the 20th of March, 1907, in-
clusive, amounting to $2.53.

A collector for appellant stated that he presented a
bill to appellee for rents and tolls up to March 1, 1907;
that the tolls were for January and February and the
services for the same month; that the amount of rental
was $8 but he could not recollect the amount of the toll;
that appellee paid him the $8 for services.

In the absence of a bill of particulars we are unable
to know definitely what appellant's claim against ap-
pellee was and attorneys for the respective parties do
not seem to entirely agree upon the subject.

Appellant insists that the only question before the
jury was whether or not appellee was indebted to ap-
pellant in the amount of $2.53 for rental, while appellee

firmly insists that the only issue before the jury was the question of tolls. While there was some evidence tending to show appellee used the telephones after March 1st, yet it was not definitely shown when the telephones were removed and the evidence on that subject was so uncertain that the jury could not have determined the exact amount due, if anything was due, appellant. As the evidence failed to show what amount, if anything, was due appellant, we do not feel warranted in disturbing the verdict of the jury in favor of appellee.

Appellant complains that the court gave instructions for appellee upon the subject of tolls which were confusing and misleading to the jury because, as claimed by appellant, that question had been eliminated by the refusal of the court to admit the ledger in evidence. An examination of these instructions, however, shows that they were well guarded and not subject to the criticism made by appellant.

Upon the case presented by the record here the judgment of the court below must be affirmed.

*Affirmed.*